## Case No. 8,654.

### In re McADAM.

[4 Sawy. 119.][1]

District Court, D. California. Nov. 10, 1876.

BANKRUPTCY—DEBTS DUE PETITIONING CREDITORS—AGGREGATE INDEBTEDNESS.

Debts under $250 are to be reckoned both in computing the debts represented by the petitioning creditors and the total probable debts of the bankrupt.

[In the matter of Owen McAdam, a bankrupt.]

Edward Myers, for petitioning creditors.
E. B. Drake, for attaching creditors.

HOFFMAN, District Judge. The report of the register shows that of the debts due to the four petitioning creditors, only one, viz.: that due Levinski Bros. exceeds $250. The bankrupt was also indebted to D. Foley in the sum of $550. To enable the latter to bring suit in a justice's court, two notes for $275 each were substituted for the note for $550, and suits were brought and judgments recorded, one in the name of Foley, and the other in that of Harding, his agent. These constituted all the debts due by the bankrupt, $250.

The debt, therefore, to Levinski Bros. for $543.12 constituted more than a third in value of all the provable debts of the bankrupt, amounting to $250, and Levinski Bros. constituted more than a fourth in number of all the creditors holding provable debts of like amount.

To give the court jurisdiction of the case it is necessary that the petition shall be signed by creditors "who shall constitute one-fourth thereof in number, and the aggregate of whose provable debts amounts to one-third" of the total provable debts of the bankrupt. This requirement is limited by a succeeding clause, which provides that in computing the number of creditors who shall join in the petition, creditors whose respective debts do not exceed $250 shall not be reckoned. But if there be no creditors whose debts exceed that sum, or if the requisite number of creditors holding debts exceeding $250 fail to sign the petition, creditors having debts for a less amount shall be reckoned for the purposes aforesaid.

It would seem, from these somewhat obscure provisions, that the petitioning creditors must in all cases represent at least one-third of the aggregate provable debts, but that they need not necessarily constitute one-fourth in number of all the creditors. They must constitute one-fourth in number of only those creditors who hold debts exceeding $250, unless there be none such, or unless the requisite number of such creditors fail to sign, in either of which cases creditors for a less amount are to be reckoned.

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

In the case at bar the requisite number of creditors holding debts exceeding $250 have signed, viz.: one out of two, or if Harding be deemed a creditor, one out of three. Creditors therefore for a less amount must be excluded from the computation "of the number of creditors who shall join in the petition." The act makes no provision for excluding debts under $250 from the computation either of the amount of indebtedness to be represented by the petitioning creditors or from the aggregate indebtedness of the bankrupt. The amount of the debts due to Levinski Bros. and the three petitioning creditors, A. M. Marks, Thos. E. Nash, and Hobart, Wood & Co., is $1042.12. The total amount of indebtedness of the bankrupt was $2485.10. The petitioning creditors, therefore, represent more than one-third of the total indebtedness of the bankrupt.

The petitioners are thus found to constitute one-fourth in number of the creditors whose debts exceed $250, and they represent one-third of all the provable debts owed by the bankrupt. The requirements of the act thus appear to have been fully satisfied.

The register also reports that the four petitioning creditors constitute one-fourth of the total number of creditors, viz.: six. The exceptions filed by the attaching creditors state the total number of the latter to be nineteen. I have looked over the testimony, and, so far as I can ascertain, the report of the register is correct. But the point is immaterial if I am right in holding that creditors whose debts do not exceed $250 are to be excluded from the computation of the number of creditors who are to join in the petition; but the debts due them, whatever their amount, must be included in the computation of the value of the debts represented by the petitioners, and of the aggregate indebtedness of the debtor. See In re Hadley [Case No. 5,894]; In re Bergeron [Id. 1,342]. Exceptions overruled and adjudication ordered.